DEC 2 0 2013

1 | RICK A. YARNALL
Chapter 13 Bankruptcy Trustee
2 | Benjamin Chambliss, Esq.
Nevada Bar No. 11536
3 | 701 Bridger Ave., Ste. 820
Las Vegas, NV 89101
4 | (702) 853-4500
RAY13mail@lasvegas13.com

E-filed on: _____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | BK-S-09-19130-MKN |
| | Chapter 13 |
| KENNETH JOHNSON, and | |
| REBECCA JOHNSON, | Hearing Date: January 16, 2014 |
| | Hearing Time: 2:30 p.m. |
| Debtor(s). | |

**TRUSTEE'S OPPOSTION TO DEBTORS' OBJECTION TO CLAIM #13-1 FILED BY HSBC BANK NEVADA, N.A. (BEST BUY CO., INC.)**

COMES NOW Chapter 13 Bankruptcy Trustee, RICK A. YARNALL, by and through his counsel of record, Benjamin Chambliss, Esq., and hereby files this Opposition to Debtors' Objection to Claim #13-1 filed by HSBC Bank Nevada, N.A. (Best Buy Co., Inc.).

**PROCEDURAL HISTORY**

The instant case was filed on May 31, 2009. See Docket #1. On Schedule F, Debtors listed two unsecured claims for "Hsbc Best Buy" for $3,042.00 and $0.00, both of which were for charge accounts opened in September, 2007, and last used on March 2, 2009. Id. Neither of the claims was listed as disputed, contingent, or unliquidated. On October 8, 2009, HSBC Bank Nevada, N.A. (Best Buy Co., Inc.) (hereinafter "Creditor") filed proof of claim asserting a secured amount of $1,738.50 and an unsecured amount of $1,528.53. See Claim #13-1. The documents attached to Creditor's claim indicate that the charge account was opened in September, 2007, and last used in December, 2008. Id.

1

1   Creditor's claim was timely filed, as the bar date for proofs of claim expired on October 13, 2009.
2   See Docket #7. On June 19, 2012, Claim #13-1 was transferred from Creditor to Capital One, N.A. See
3   Docket #80. Debtors' Chapter 13 Plan #2 was confirmed on October 27, 2009. See Docket #23. Trustee has
4   not yet commenced disbursements to general unsecured creditors in this case. On December 13, 2013—four
5   years after Debtors' plan was confirmed—Debtors filed eight claim objections in this case. See Docket
6   #115-129. Included in this group was the instant objection, which asks the Court to disallow Creditor's
7   unsecured claim in its entirety. See Docket #125. For the reasons set forth below, Trustee requests that the
8   claim objection be denied because it lacks sufficient evidentiary support and fails to state a substantive basis
9   upon which relief can be granted.

10                              **POINTS AND AUTHORITIES**

11   **A.  DEBTORS' OBJECTION LACKS SUFFICIENT EVIDENTIARY SUPPORT**

12   Trustee initially opposes Debtors' objection because it lacks sufficient evidentiary support. Creditors
13   in bankruptcy demonstrate their claims by filing proofs of claim pursuant to 11 U.S.C. § 501. A timely filed
14   proof of claim or interest is deemed "allowed" unless an objection is been filed and sustained. See FRBP
15   3001(f); 11 U.S.C. § 502(a); Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell), 223 F.3d 1035, 1039
16   (9th Cir. 2000). A filed claim constitutes "prima facie evidence of the validity and amount of the claim
17   pursuant to Bankruptcy Rule 3001(f)". See In re Lundell, 223 F.3d at 1039. Moreover, proofs of claim are
18   filed under penalty of perjury.
19   To overcome the presumption of validity created by a timely filed proof of claim, the objecting party
20   bears the initial burden to "produce evidence and show facts tending to defeat the claim." Id. (citing In re
21   Holm, 931 F.2d 620, 623 (9th Cir. 1991)). "If the objector produces sufficient evidence to negate one or more
22   of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim
23   by preponderance of the evidence." In re Lundell at 1039 (quoting In re Allegheny Int'l, Inc., 954 F.2d 167,

173-74 (3rd Cir. 1992). The court in <u>Holm</u> found that the objecting party had "not met his burden" because he had presented no evidence. <u>In re Holm</u>, 931 F.2d at 623. Similarly, the court in <u>Lundell</u> concluded that the objecting party had not met his burden when the evidence produced was not "sufficient to rebut the allegations in the claims." <u>In re Lundell</u> at 1040-41.

Here, the only evidence presented by Debtors is an affidavit of the Debtors stating that "[a]t the time of filing, we listed all of our known creditors in our bankruptcy schedules" and "[w]e have never owed a debt to Bass & Associates and have no knowledge as to why Bass & Associates has filed a claim in our case." <u>See</u> Docket #125-2. These assertions ignore the fact that Debtors previously listed on Schedule F debts owed to "Hsbc Best Buy" for credit accounts opened and last-used on the same dates described in Creditor's proof of claim. Moreover, Bass & Associates is simply listed as the name and address where notices for Creditor should be sent. Therefore, Trustee asserts that Debtors' affidavit should be afforded no evidentiary value, which leaves Debtors' claim objection supported by nothing other than Creditor's proof of claim itself. The objection is attempting to shift the burden back on Creditor without rebutting the presumption of validity created by the filed proof of claim. This practice is improper, as it lacks evidentiary support and has no basis in the Bankruptcy Code. For this reason, Debtors' objection should be overruled.

**B. DEBTORS' OBJECTION FAILS TO STATE A BASIS FOR THE RELIEF REQUESTED**

The instant objection must also be denied because it fails to state a substantive legal basis upon which the requested relief can be granted. Debtors assert that Creditor's "claim reflects Best Buy Co. Inc. as the original Creditor" but "there is no bill of sale provided proving the debt was transferred from the original Creditor, Best Buy Co. Inc. to HSBC Bank Nevada, N.A." Debtors also assert the claim "fails to include a power of attorney" or other documentation demonstrating that Bass & Associates is the authorized agent of Creditor. Both assertions are essentially "lack of documentation" objections under Rule 3001(c). That Rule, however, provides no substantive basis for disallowance of Creditor's claim.

Rule 3001 simply establishes the criteria for what documentation, if any, must be attached to a proof of claim. See In re Moreno, 341 B.R. 813, 817 (Bankr. S.D. Fla, 2006). Rule 3001(c) provides that when a claim is based on a writing, the original or a duplicate must be filed with the proof of claim. Rule 3001(f) provides that a proof of claim complying with Rule 3001(c), along with the other standards imposed in Rule 3001, "shall constitute prima facie evidence of the validity and amount of the claim." A creditor that fails to comply with Rule 3001(c) does not receive the benefit of prima facie validity for its claim, but this does not result in disallowance. Rather, in response to a meritorious claim objection the creditor must come forward with sufficient evidence of the claim's validity and amount in order. Id.

Neither Rule 3001 nor any of the other Rules provide a basis for the disallowance of a claim due to a creditor's failure to comply with the document requirements of Rule 3001(c). Rather, failure to comply with Rule 3001(c) is strictly an evidentiary defect which deprives a claim of its prima facie validity. In re MacFarland, 462 B.R. 857, 880 (Bkrtcy. S.D. Fla, 2011). The majority of courts agree with this approach, reading 28 U.S.C. § 2075 and 11 U.S.C. § 502(b) as providing the bankruptcy court with no discretion to disallow a claim for any reason other than those stated in § 502. Id.; see, e.g., In re Reynolds, 470 B.R. 138 (Bkrtcy. D. Colo., 2012); In re Dove-Nation, 318 B.R. 147 (8th Cir. BAP, 2004); In re Rehman, 479 B.R. 238 (Bkrtcy. C.D. Mass., 2012); In re Burkett, 329 B.R. 820 (Bkrtcy. S.D. Ohio, 2005); In re Shank, 315 B.R. 799, 812 (Bkrtcy. N.D. Ga., 2004); In re Cluff, 313 B.R. 323, 337 n. 47 (Bkrtcy. D. Utah, 2004); In re Johnson, 2012 WL 5430952 (Bkrtcy. D. Idaho, 2012). Accordingly, under the majority view an objection seeking to disallow a claim solely due to its lack of documentation should be overruled.

The Ninth Circuit Bankruptcy Appellate Panel (BAP) specifically rejected the minority view and adopted the majority's approach in In re Heath, 331 B.R. 424 (9th Cir. BAP, 2005). Although Heath was a Chapter 7 case, the BAP affirmed that § 502(b) sets forth the exclusive grounds for disallowance of claims, and noncompliance with Rule 3001(c) is not one of the enumerated grounds. Id. at 435.

In this case, Debtors have sought to completely disallow an unsecured claim due to its alleged lack of documentation. Debtors, however, ignore the fact that Creditor's proof of claim was filed under penalty of perjury, and Debtors have not set forth a substantive basis for disallowance of the claim under § 502(b). Nowhere in § 502(b) is a non-compliance with Rule 3001 listed as a basis for disallowance. Thus, Debtors' objection fails to state a substantive basis upon which the requested relief can be granted. As a result, Debtors' objection should be overruled.

## CONCLUSION

Debtors' objection to Claim #13-1 filed by HSBC Bank Nevada, N.A. (Best Buy Co., Inc.) lacks sufficient evidentiary support and fails to state a substantive basis upon which to grant the relief requested.

WHEREFORE, Trustee respectfully requests that this Honorable Court issue an Order:

1. Overruling the instant claim objection;
2. Precluding Debtors' Counsel from receiving any compensation for bringing the instant claim objection; and
3. Providing for such other and further relief as this Court deems appropriate and just.

DATED this __19th__ day of December, 2013.

/s/ BCC
_____
BENJAMIN CHAMBLISS, ESQ.
Nevada Bar No.: 11536
Attorney for RICK A. YARNALL
Chapter 13 Bankruptcy Trustee

## CERTIFICATE OF MAILING

I hereby certify that I am an employee of RICK A. YARNALL, Chapter 13 Trustee; that I am over the age of 18 years; and that on the 20th day of December, 2013, I provided a copy of **Trustee's Opposition to Debtors' Objection to Claims #13-1 filed by HSBC Bank Nevada, N.A. (Best Buy Co., Inc.)** to each of the following by:

[X] a.  **ECF System**: David Krieger, Esq.  ("igotnotices@hainesandkrieger.com")

[X] b.  **United States mail, postage fully prepaid**:

Capital One, N.A.
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell Suite 200
Tucson, AZ  85712

Kenneth Johnson
Rebecca Johnson
1251 Challenge Lane
Las Vegas, NV  89110

[ ] c.  **Personal Service**

[ ] d.  **By direct email (as opposed to through the ECF System)**

[ ] e.  **By fax transmission**

_____
Leah Abeyta
An Employee of RICK A. YARNALL
Chapter 13 Bankruptcy Trustee

6